CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA

| | |
|---|---|
| RIVER PLACE TOWNHOUSE ASSOCIATION, INC. | **CASE #:** 23 CA 012660<br>**COURT:** CIRCUIT<br>**COUNTY:** LEE<br>**DFS-SOP #:** 23-000578112 |
| PLAINTIFF(S) | |
| VS. | |
| TRISURA SPECIALTY INSURANCE COMPANY | |
| DEFENDANT(S) _____/ | |

SUMMONS, COMPLAINT, DISCOVERY, CIVIL COVER SHEET, STANDING ORDER, NOTICE OF EMAIL DESIGNATION

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by ELECTRONIC DELIVERY on Friday, December 1, 2023 and a copy was forwarded by ELECTRONIC DELIVERY on Monday, December 4, 2023 to the designated agent for the named entity as shown below.

TRISURA SPECIALTY INSURANCE COMPANY
JULIE ANN MEADERS
210 PARK AVENUE, SUITE 1300
OKLAHOMA CITY, OK 73102

**\*Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule 1.080.**

Jimmy Patronis
Chief Financial Officer

PETER JOHN MINEO
PARTNER
THE MINEO SALCEDO LAW FIRM, P.A.
5400 SOUTH UNIVERSITY DRIVE, SUITE 502
DAVIE, FL 33328

DG1

IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT IN AND FOR LEE COUNTY, FLORIDA

RIVER PLACE TOWNHOUSE ASSOCIATION, INC.,

    Plaintiff,

vs.

CASE NO: 23-CA-012660

TRISURA SPECIALTY INSURANCE COMPANY,

    Defendant,
_____/

## CIVIL SUMMONS

THE STATE OF FLORIDA:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the Complaint, Interrogatories, Request for Production, Notice of Deposition, and Notice of E/Mail Designation, in this action on Defendant:

**By serving:**
    **TRISURA SPECIALTY INSURANCE COMPANY**
    c/o Florida Chief Financial Officer as RA
    Service of Process Section
    Department of Financial Services
    Post Office Box 6200
    Tallahassee, Florida 32314-6200

Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, to-wit:

**whose address is:**
    **PETER MINEO JR., ESQUIRE**
    **THE MINEO SALCEDO LAW FIRM, P.A.**
    **5600 DAVIE ROAD, DAVIE, FL 33314**

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED ON    11/16/2023



KEVIN C. KARNES
as Clerk of said Court,

by: _____NWertz_____
    as Deputy Clerk
    (Court Seal)

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

    **IV.    REMEDIES SOUGHT** (check all that apply):
    ☒ Monetary;
    ☐ Nonmonetary declaratory or injunctive relief;
    ☐ Punitive

    **V.    NUMBER OF CAUSES OF ACTION:** [ ]
    (Specify)

    2

    **VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
        ☐ yes
        ☒ no

    **VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
        ☒ no
        ☐ yes If "yes," list all related cases by name, case number, and court.

    **VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
        ☒ yes
        ☐ no

    **IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
        ☐ yes
        ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Peter J. Mineo                  Fla. Bar # 13745
        Attorney or party                         (Bar # if attorney)

Peter J. Mineo                  11/14/2023
(type or print name)               Date

|  |  |
|---|---|
| RIVER PLACE TOWNHOUSE ASSOCIATION, INC., | IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT IN AND FOR LEE COUNTY, FLORIDA |


IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT IN AND FOR LEE COUNTY, FLORIDA

RIVER PLACE TOWNHOUSE ASSOCIATION, INC.,

    Plaintiff,

CASE NO:

vs.

TRISURA SPECIALTY INSURANCE COMPANY,

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, RIVER PLACE TOWNHOUSE ASSOCIATION, INC., by and through the undersigned counsel and hereby files this Complaint against the Defendant, TRISURA SPECIALTY INSURANCE COMPANY, and as grounds therefore states as follows:

1. That this is an action for damages in excess of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of interest, attorney fees and costs, and is otherwise within the jurisdictional limits of this Court.

2. That at all times material hereto the Defendant was an insurance company authorized to do business in the State of Florida and doing business in Lee County, Florida.

3. That at all times material hereto the Plaintiff was and is a resident of Lee County, Florida, and is otherwise *sui juris*.

4. That at all times material hereto, Plaintiff and Defendant had a policy of insurance, Policy No. CIUHOA402584-00, on Plaintiff's residence located at 3641

Edgewood Ave., Fort Myers, FL 33916, which afforded various types of coverages including coverage for damage to dwelling, other structures, personal property, and for loss of use. Plaintiff is not in possession of a copy of the policy but believes one to be in possession of Defendant.

5. During the policy period, the above described property was damaged.

6. Defendant has failed or refused to pay for all of Plaintiff's losses as required by the insurance policy.

7. Plaintiff has complied with all conditions precedent and/or statutory requirements in order to recover under the policy of insurance and applicable Florida Statutes, or, in the alternative, those conditions precedent and/or statutory requirements that have not been complied with have been waived by the Defendant. The Defendant assigned the loss claim number TRP10060, but the Defendant has refused and continues to refuse to pay either part or all of the Plaintiff's claims.

## COUNT I – BREACH OF CONTRACT

Plaintiff readopts and realleges Paragraphs 1 through 7 above as if fully stated herein, and further alleges as follows:

8. That the Defendant's denial of coverage and refusal to pay the full amount of the claim or in the alternative, a reasonable amount was contrary to the terms of the policy and/or Florida law and was a breach of said contract of insurance. In the alternative the Defendant has or refused to pay a reasonable amount of the Plaintiff's claim. This is contrary to the terms of the policy and/or Florida law and was a breach of said insurance contract.

9. The Plaintiff has been damaged by the Defendant's breach of said contract of insurance by having not been compensated for the damages sustained in the loss.

10. That as a direct and proximate result of the Defendant's refusal to pay the Plaintiff's claim, the Plaintiff has been required to retain the services of the undersigned attorneys to represent and protect the Plaintiff's interests and Plaintiff has become obliged to pay them a reasonable fee for their services in bringing this action.

11. In the event that the Plaintiff prevails in this action, Plaintiff is entitled to an award of attorney fees and costs pursuant to Florida Statute Section 627.428 or other Florida law.

WHEREFORE, the Plaintiff, RIVER PLACE TOWNHOUSE ASSOCIATION, INC., demands judgment against the Defendant, TRISURA SPECIALTY INSURANCE COMPANY, for damages, interest allowed by law, and reasonable attorney fees and costs pursuant to Florida Statute Section 627.428 or other Florida law, and the Plaintiff demands trial by jury of all issues triable as a matter of right by jury.

## COUNT II
## PETITION FOR DECLARATORY RELIEF

Plaintiff realleges and readopts Paragraphs 1 through 7 as if fully set forth herein and sues the Defendant for declaratory relief pursuant to Chapter 86 of the Florida Statutes and further states as follows:

12. The above insurance policy between Plaintiff and Defendant provides comprehensive coverage for damages as a result of losses to property.

13. Pursuant to Chapter 86 of Florida Statutes, the Plaintiff requests this Court to take jurisdiction over this action and determine the Plaintiff's rights under said policy.

14. The Plaintiff furnished timely notice of a covered loss and otherwise performed all conditions precedent to recover under the policy and under the applicable Florida Statutes.

15. Defendant refused and continues to refuse to pay the full amount of Plaintiff's claim.

16. The Plaintiff believes, but is in doubt, that the Plaintiff is entitled to full coverage under said policy, including but not limited to, coverage for damages related to their loss.

17. That as a direct and proximate result of the Defendant's refusal to pay the Plaintiff's claims, the Plaintiff has been required to retain the services of the undersigned attorneys to represent and protect the Plaintiff's interest and Plaintiff has become obligated to pay them a reasonable fee for their services in bringing this action.

18. In the event that the Plaintiff prevails in this action, Plaintiff is entitled to an award of attorney fees and costs pursuant to Florida Statute Section 627.428 or other Florida law.

**WHEREFORE**, Plaintiff hereby demands judgment against Defendant and the following:

a. that the Court take jurisdiction over the parties and the subject matter of this action;

  b. that the Court determine the rights and duties of the parties under said insurance policy;

  c. that this Court enter an Order determining that the subject policy was in full force and effect at the time of the loss;

  d. that the Court enter an Order determining that the damages suffered by Plaintiff are not excluded under the policy insurance.

  e. That the Court enter an Order determining that the Plaintiff complied with all requirements under the policy and is entitled to full coverage for all damages related to their loss under said policy.

  f. that the Court award the Plaintiff attorney fees pursuant to Florida Statute Section 627.428 or other Florida law, prejudgment interest, and costs; and

  g. that the Court enter any other relief that it deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff further demands a trial by jury of all issues so triable as a matter of right.

Dated this 14th day of November, 2023.

        By: _____
          PETER MINEO JR.
          Florida Bar No: 328928
          THE MINEO SALCEDO LAW FIRM, P.A.
          Attorneys for Plaintiff
          5600 Davie Road
          Davie, FL 33314
          T: (954) 463-8100
          F: (954) 463-8106
          Service@mineolaw.com