|  |  |
|---|---|
| RIVER PLACE TOWNHOUSE ASSOCIATION, INC., | IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT IN AND FOR LEE COUNTY, FLORIDA |
| Plaintiff, | CASE NO: |
| vs. | |
| TRISURA SPECIALTY INSURANCE COMPANY, | |
| Defendant. _____/ | |

# COMPLAINT

COMES NOW the Plaintiff, RIVER PLACE TOWNHOUSE ASSOCIATION, INC., by and through the undersigned counsel and hereby files this Complaint against the Defendant, TRISURA SPECIALTY INSURANCE COMPANY, and as grounds therefore states as follows:

1. That this is an action for damages in excess of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of interest, attorney fees and costs, and is otherwise within the jurisdictional limits of this Court.

2. That at all times material hereto the Defendant was an insurance company authorized to do business in the State of Florida and doing business in Lee County, Florida.

3. That at all times material hereto the Plaintiff was and is a resident of Lee County, Florida, and is otherwise *sui juris*.

4. That at all times material hereto, Plaintiff and Defendant had a policy of insurance, Policy No. CIUHOA402584-00, on Plaintiff's residence located at 3641

Edgewood Ave., Fort Myers, FL 33916, which afforded various types of coverages including coverage for damage to dwelling, other structures, personal property, and for loss of use. Plaintiff is not in possession of a copy of the policy but believes one to be in possession of Defendant.

5. During the policy period, the above described property was damaged.

6. Defendant has failed or refused to pay for all of Plaintiff's losses as required by the insurance policy.

7. Plaintiff has complied with all conditions precedent and/or statutory requirements in order to recover under the policy of insurance and applicable Florida Statutes, or, in the alternative, those conditions precedent and/or statutory requirements that have not been complied with have been waived by the Defendant. The Defendant assigned the loss claim number TRP10060, but the Defendant has refused and continues to refuse to pay either part or all of the Plaintiff's claims.

## COUNT I – BREACH OF CONTRACT

Plaintiff readopts and realleges Paragraphs 1 through 7 above as if fully stated herein, and further alleges as follows:

8. That the Defendant's denial of coverage and refusal to pay the full amount of the claim or in the alternative, a reasonable amount was contrary to the terms of the policy and/or Florida law and was a breach of said contract of insurance. In the alternative the Defendant has or refused to pay a reasonable amount of the Plaintiff's claim. This is contrary to the terms of the policy and/or Florida law and was a breach of said insurance contract.

9. The Plaintiff has been damaged by the Defendant's breach of said contract of insurance by having not been compensated for the damages sustained in the loss.

10. That as a direct and proximate result of the Defendant's refusal to pay the Plaintiff's claim, the Plaintiff has been required to retain the services of the undersigned attorneys to represent and protect the Plaintiff's interests and Plaintiff has become obliged to pay them a reasonable fee for their services in bringing this action.

11. In the event that the Plaintiff prevails in this action, Plaintiff is entitled to an award of attorney fees and costs pursuant to Florida Statute Section 627.428 or other Florida law.

WHEREFORE, the Plaintiff, RIVER PLACE TOWNHOUSE ASSOCIATION, INC., demands judgment against the Defendant, TRISURA SPECIALTY INSURANCE COMPANY, for damages, interest allowed by law, and reasonable attorney fees and costs pursuant to Florida Statute Section 627.428 or other Florida law, and the Plaintiff demands trial by jury of all issues triable as a matter of right by jury.

## COUNT II
## PETITION FOR DECLARATORY RELIEF

Plaintiff realleges and readopts Paragraphs 1 through 7 as if fully set forth herein and sues the Defendant for declaratory relief pursuant to Chapter 86 of the Florida Statutes and further states as follows:

12. The above insurance policy between Plaintiff and Defendant provides comprehensive coverage for damages as a result of losses to property.

13. Pursuant to Chapter 86 of Florida Statutes, the Plaintiff requests this Court to take jurisdiction over this action and determine the Plaintiff's rights under said policy.

14. The Plaintiff furnished timely notice of a covered loss and otherwise performed all conditions precedent to recover under the policy and under the applicable Florida Statutes.

15. Defendant refused and continues to refuse to pay the full amount of Plaintiff's claim.

16. The Plaintiff believes, but is in doubt, that the Plaintiff is entitled to full coverage under said policy, including but not limited to, coverage for damages related to their loss.

17. That as a direct and proximate result of the Defendant's refusal to pay the Plaintiff's claims, the Plaintiff has been required to retain the services of the undersigned attorneys to represent and protect the Plaintiff's interest and Plaintiff has become obligated to pay them a reasonable fee for their services in bringing this action.

18. In the event that the Plaintiff prevails in this action, Plaintiff is entitled to an award of attorney fees and costs pursuant to Florida Statute Section 627.428 or other Florida law.

**WHEREFORE**, Plaintiff hereby demands judgment against Defendant and the following:

a. that the Court take jurisdiction over the parties and the subject matter of this action;

b. that the Court determine the rights and duties of the parties under said insurance policy;

c. that this Court enter an Order determining that the subject policy was in full force and effect at the time of the loss;

d. that the Court enter an Order determining that the damages suffered by Plaintiff are not excluded under the policy insurance.

e. That the Court enter an Order determining that the Plaintiff complied with all requirements under the policy and is entitled to full coverage for all damages related to their loss under said policy.

f. that the Court award the Plaintiff attorney fees pursuant to Florida Statute Section 627.428 or other Florida law, prejudgment interest, and costs; and

g. that the Court enter any other relief that it deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff further demands a trial by jury of all issues so triable as a matter of right.

Dated this 14th day of November, 2023.

By: _____
PETER MINEO JR.
Florida Bar No: 328928
THE MINEO SALCEDO LAW FIRM, P.A.
Attorneys for Plaintiff
5600 Davie Road
Davie, FL 33314
T: (954) 463-8100
F: (954) 463-8106
Service@mineolaw.com